James D. Hurley. S.
Upon the judicial settlement of his accounts as executor of the last will and testament of the above-named decedent, the executor requests a construction of the will of said decedent.
The will duly admitted to probate in this court, makes certain specific bequests and in paragraph “ Twentieth ” thereof disposes of her residuary estate as follows: ‘‘ All the rest, residue and remainder of my property and estate, I hereby give, devise and bequeath to my Trustee, hereinafter named, to hold the same in trust and to pay the income therefrom, at least twice in each year to my husband, Josiah DeFay, during his lifetime, and upon the death of my said husband, Josiah DeFay, I give, devise and bequeath the then residue of said trust fund to the children of Peter T. McFaul and the children of Norley Collier, in equal shares, the same to be theirs outright.”
At the time of the death of the testatrix, Peter T. McFaul had three children then living and Norley Collier had three children then living.
The life tenant, Josiah DeFay died on the 24th day of December, 1954. Subsequent to the death of the testatrix and during the life of the life tenant and on the 2d day of September, 1954, Duane McFaul, one of the children of Peter T. McFaul died intestate leaving him surviving as his only distributee, his mother, Marguerite McFaul.
The question arising on this construction proceeding is whether the interest of the children of Peter T. McFaul and Norley Collier became vested rights or interests as of the date of death of the testatrix, or whether they were contingent interests to take effect at the date of the death of the life tenant.
*676 If the interests were vested, then the interest of Duane McFaul became vested at the date of death of the testatrix and his one-sixth share would go to his mother, as distributee.
If that interest did not vest at the time of the death of the testatrix and the interest of the Collier and McFaul children did not vest until the date of death of the life tenant, then Duane McFaul at the time of his death had no interest which would pass to his distributee and the property shall be divided equally among the Collier and McFaul children living at the time of death of the life tenant.
No evidence is before this court as to the relations between the testatrix and the Collier and McFaul children. It is conceded that neither the Collier nor the McFaul children were related to the testatrix and therefore were not what might be called the natural objects of her bounty.
While it is a general rule that the law favors the vesting of estates, the intention of the testatrix is controlling.
In this particular will the testatrix gave the residue of the trust fund remaining at the time of the death of the life tenant to the Collier and McFaul children. This is some indication of the intention of the testatrix that the residuary estate should vest in the children as of the date of death of the life tenant.
The gift to the Collier and McFaul children was a gift to a class. Under the circumstances here existing, I hold that the members of that class are to be determined as of the date of the death of the life tenant herein.
This being so, Duane McFaul at the time of his death had no interest in the residuary estate which could pass to his distributee, The residuary estate should therefore be divided equally among the five remaining children of Peter T. McFaul and Norley Collier. (Matter of Pulis, 220 N. Y. 196; Matter of Emery, 202 Misc. 90.)
The decree to be entered on this accounting should contain appropriate provisions in conformity herewith.